**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DEREK VERNON MEDINA,

Plaintiff,

v. Case No. 3:26-cv-2031-WWB-SJH

ESPN SPORTS NEWS, et al.,

Defendants.

---

**ORDER**

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983.[1] (Doc. 1).

The Prison Litigation Reform Act ("**PLRA**") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

---

[1] Plaintiff did not include the filing fee with his Complaint; thus, the Court assumes he desires to proceed *in forma pauperis*.

The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:22-cv-422-MMH-PDB (M.D. Fla.) (dismissed for failure to state a claim); (2) 3:22-cv-525-BJD-JBT (M.D. Fla.) (dismissed for failure to state a claim); (3) 3:23-cv-1348-HLA-MCR (M.D. Fla.) (dismissed for failure to state a claim); and (4) 3:23-cv-1415-HES-MCR (M.D. Fla.) (dismissed for failure to state a claim). Therefore, Plaintiff is a three-strikes litigant pursuant to § 1915(g). *See* Order (Doc. 2), No. 3:23-cv-1426-MMH-LLL (M.D. Fla. Dec. 11, 2023).

Further, Plaintiff's allegations fail to satisfy the imminent-danger exception to § 1915(g). Plaintiff claims that "ESPN Sports News" and "Fox Sports" (1) falsely reported that Lebron James was "returning to [the] Miami Heat" rather than "signing with [the] Philadelphia 76ers," and (2) failed to compensate Plaintiff for a documentary they allegedly aired about his criminal case. (Doc. 1 at 4–6). These allegations do not establish that Plaintiff faces "ongoing serious physical injury," nor do they show "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021). Therefore, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying $405.00 ($350.00 filing fee and $55.00 administrative fee).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on August 7, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-2
c:
Derek Vernon Medina, #M95189